IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS REEDY,
# 25673-177,

**Petitioner,**

vs.                                                  Case No. 14-cv-718-DRH

UNITED STATES OF AMERICA
and WARDEN WALTON,

**Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Thomas Reedy, an inmate in the Federal Correctional Institution located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction and sentence (*United States v. Reedy, et al.*, Case No. 00-cr-00054 (N.D. Tex. 2000) ("criminal case")). Petitioner invokes the savings clause of 28 U.S.C. § 2255(e), based on newly discovered evidence of his "actual innocence." For the reasons set forth below, the petition shall be **DISMISSED**.

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to

be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## I.     Background

Petitioner and his wife owned and operated a company that provided computerized credit card verification services to webmasters whose websites contained adult and child pornography. On May 17, 2000, petitioner was charged on an 89-count superseding indictment with numerous felonies related to the sexual exploitation of minors. A jury found petitioner guilty on counts 1- 89 of the superseding indictment on December 1, 2000. *United States v. Reedy, et al.*, Case No. 00-cr-00054 (N.D. Tex. 2000) (Doc. 143, criminal case). Twice, the Fifth Circuit Court of Appeals remanded the case to the district court for resentencing (Docs. 242, 297, criminal case). *See United States v. Reedy*, Case No. 01-11042 (5th Cir. 2002) (vacating sentence imposed and remanding); *see also United States v. Reedy*, Case No. 03-10511 (5th Cir. 2005) (affirming sentence imposed by district court on May 12, 2003, on counts 1-3, 7, 13, 16, 21, 25, 26, 31, and 38, but remanding for resentencing on count 89). On August 29, 2005, petitioner was ultimately sentenced to 180 months of imprisonment and three years of supervised release on one count of conspiracy to commit sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(1), (b)(1), and ten counts of sexual exploitation of minors and aiding and abetting, in violation of 18 U.S.C. §§ 2252 and 2 (Doc. 294, criminal case). He was also sentenced to 60 months of imprisonment on one count of possession of materials shipped in interstate or

foreign commerce containing child pornography, in violation of 18 U.S.C. § 2252A.

Petitioner subsequently filed two motions for relief under 28 U.S.C. § 2255. *See Reedy v. United States*, Case No. 07-cv-00024 (N.D. Tex. 2007); *Reedy v. United States*, Case No. 12-cv-00271). The first § 2255 motion was denied in an order filed on November 3, 2008. *Reedy v. United States*, Case No. 07-cv-00024 (N.D. Tex. 2007) (Doc. 12). The order was affirmed on appeal. *United States v. Reedy*, Case No. 09-10009 (5th Cir. September 1, 2010).

Following the denial of the first § 2255 motion, the Fifth Circuit Court of Appeals authorized petitioner to file a successive § 2255 motion to address his claim that his trial counsel rendered ineffective assistance by failing to inspect copies of computer servers provided to the defense. *In re: Thomas Reedy*, Case No. 12-10129 (5th Cir. March 27, 2012). However, the district court dismissed the successive § 2255 motion, after finding that the claim did not satisfy the requirements for a successive motion under § 2255(h)(1). *Reedy v. United States*, Case No. 12-cv-271 (N.D. Tex. February 27, 2013). Petitioner's request for a certificate of appealability was denied. *United States v. Reedy*, Case No. 13-10370 (5th Cir. January 28, 2014). The instant petition followed.

## II.    Habeas Petition

Petitioner is before this Court pursuant to 28 U.S.C. § 2241, to challenge his conviction and sentence under the savings clause of § 2255(e), based on newly discovered evidence of his "actual innocence." Along with the standard form

petition, petitioner filed a 43-page memorandum raising the following single argument: "Counsel for the defense proved deficient in his performance upon proper and upon appropriate challenge to the sentencing outcome when comparing the sentence as based upon the 'elements' of the crime rather than that which was based upon the 'evidence' of the crime, therein, violating defendant's constitutional rights as analyzed under *Alleyne v. United States*" (Doc. 1-1, p. 11). *See Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013). This argument is nearly incomprehensible, but has appeared in numerous § 2241 petitions filed by USP-Marion inmates in recent weeks.

Petitioner goes on to explain that exonerating evidence in the form of a computer disc was discovered in his father's garage. Although he refers to the disc as "new" evidence, petitioner does not indicate when the disc was discovered. He also does not fault his attorney for its late discovery. Petitioner argues that this "new" evidence would have raised a reasonable doubt about his complicity or guilt in the minds of the jurors and resulted in his acquittal (Doc. 1-1, pp. 11-14). In light of this "new" evidence, petitioner asserts that his conviction amounts to a miscarriage of justice under *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276 (2013) (Doc. 1-1, p. 12).

### III. Discussion

Petitioner cannot proceed under the savings clause of § 2255(e), based on the recent Supreme Court cases he cited in his § 2241 petition or his newly

discovered evidence. As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e), where a remedy under § 2255 is "inadequate or ineffective to test the legality of

his detention." *See* 28 U.S.C. § 2255(e); *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "'Inadequate or ineffective' means that a 'legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'"[1] *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

The Seventh Circuit has explained that, in order to fit within the savings clause following *In re Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

The petition does not satisfy the requirements set forth in *Davenport*. Petitioner cites both "new" Supreme Court precedents and "new" evidence in support of his request for relief under § 2241. However, for the reasons discussed below, he cannot proceed under either in this habeas action.

---

[1] Relevant to petitioner's situation, § 2255(f) sets a one-year limitations period on filing a § 2255 motion. However, the one-year period runs from the later of, among other things, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In support of his actual innocence claim, petitioner primarily relies on *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276 (2013). He does not explain how either case relates to his claim. Further, although both cases are statutory interpretation cases, neither has been deemed retroactive by the Supreme Court. *See Simpson v. United States*, 721 F.3d 875, 876-77 (7th Cir. 2013) (in re *Alleyne*); *Groves v. United States*, __ F.3d __, 2014 WL 2766171, *4 (7th Cir. June 19, 2014) (in re *Descamps*). Accordingly, neither *Alleyne* nor *Descamps* allows petitioner to use the savings clause under § 2255(e) to bring his claim in this habeas action pursuant to § 2241.

Petitioner also cites two other recent Supreme Court cases in support of his claim, including *Missouri v. Frye*, 566 U.S. __, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012). Once again, petitioner draws no connection between his claim and these cases. *Frye* is a constitutional case, not a statutory interpretation case. It announced no new rule of law. *See Hare v. U.S.*, 688 F.3d 878 ("Neither *Frye* nor its companion case, *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012), directly addressed the old/new rule question, but the Court's language repeatedly and clearly spoke of applying an established rule to the present facts."). The same can be said of *Lafler*. The cases cited by petitioner will not allow him to proceed under the savings clause of § 2255(e) because they do not satisfy the *Davenport* requirements.

Petitioner also cannot proceed based on newly discovered evidence. This is because § 2255 already provides an adequate remedy. Specifically, § 2255(h) allows a prisoner to file a "second or successive" motion once a panel of the appropriate court of appeals, i.e., the Fifth Circuit in petitioner's case, certifies that the motion contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Because § 2255 provides an adequate remedy, petitioner does not qualify to use the savings clause of § 2255(e) to bring the instant § 2241 petition. Further, he has not argued that § 2255 is otherwise unavailable or inadequate. The petition shall be dismissed.

The Court notes that the United States of America was not properly named as a party in this action. In a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

### IV. Pending Motion

On July 9, 2014, petitioner filed a motion to amend the petition (Doc. 4) by adding several pages of exhibits to it. The motion (Doc. 4) is hereby **GRANTED**,

and all additional exhibits have been considered by the Court in rendering the decision set forth here.

### V. <u>Disposition</u>

**IT IS HEREBY ORDERED** that, for the reasons stated above, the habeas petition is **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[2] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Signed this 18th day of July, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.07.18
08:50:06 -05'00'

**Chief Judge
U.S. District Court**